IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONALD M. RICHARDS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-017 |
| | ) | |
| SGT. WILL PURVIS; CPL. TIMOTHY | ) | |
| SHEPHERD; OFC. CHASE SNELLGROVE; | ) | |
| and OFC. CHRISTOPHER MADISON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly incarcerated at Rogers State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Dodge County Law Enforcement Center in Eastman, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### I.     SCREENING OF THE COMPLAINT

#### A.     BACKGROUND

Plaintiff names the following Defendants: (1) Sergeant Will Purvis; (2) Corporal

Timothy Shepherd; (3) Officer Chase Snellgrove; and (4) Officer Christopher Madison. (Doc. no. 1, pp. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 6, 2016, Taurus Holloway and Thomas Jolly attacked and robbed Plaintiff in his cell. (Doc. no. 1, p. 4.) Sergeant Daniels and his crew were working during this time. (Id.) After the attack, Plaintiff notified jail officers of the attack, which resulted in removal of Messrs. Holloway and Jolly from Plaintiff's pod to another pod. (Id.) Plaintiff went to medical for treatment and was then brought back to his cell. (Id.) Plaintiff understood Dodge County standard operating procedure to mean Messrs. Holloway and Jolly would have no more contact with Plaintiff after the altercation. (Id.) On October 25, 2016, Defendants transported Mr. Holloway into Plaintiff's pod, and Plaintiff and Mr. Holloway got into another fight. (Id.) Plaintiff received multiple injuries to his head and face, and he was transported to Dodge County Hospital for treatment. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. **Plaintiff's Claims Are Time Barred**

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Abreu-Velez v. Board of Regents of

3

Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Georgia. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the events described in his complaint occurred, August 6 and October 25, 2016. Plaintiff did not date his complaint, which was received and filed by the Clerk of Court on October 25, 2018. (Doc. no. 1, p. 5.) However, giving Plaintiff every benefit of the doubt, the earliest date appearing on any paperwork associated with his initial filings is January 30, 2019, roughly two years and three months after the alleged events occurred. (Doc. no. 1, p. 5.) Thus, Plaintiff's claims are outside of the two-year statute of limitations period and are subject to dismissal.

### 3. Even If the Claims Were Not Time-Barred, Plaintiff's Claims Are Precluded

"Claim preclusion [] applies when a party has had a full and fair opportunity to litigate the claims and issues settled in a previous suit." Morris v. May, 570 F. App'x 903, 905 (11th Cir. 2014) (internal quotation omitted). "The principal test for determining whether the causes of

4

action are the same is whether the primary right and duty are the same in each case." Id. (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir.1990) (quotation marks omitted)). Courts look to the factual issues in the second lawsuit and compare them to the first lawsuit, and if the case rises out of the same nucleus of operative fact, then the "two cases are really the same." Id. at 906.

As Plaintiff concedes, the facts in the present case are the same as he alleged in Richards v. Sheffield, CV 317-023 (S.D. Ga. Oct. 17, 2018) (hereinafter "CV 317-023"). Although the Defendants are different, the facts of CV 317-023 and the present case are identical. See id., doc. no. 45. In CV 317-023, the case proceeded all the way to summary judgment, which United States District Judge Dudley H. Bowen, Jr., granted in favor of Defendants for reasons that would foreclose any chance of recovery here. Thus, Plaintiff was given a full and fair opportunity to litigate his claims and cannot now attempt to re-litigate those claims. Morris, 570 F. App'x at 905.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of May, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA